**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

Case No. 18-10026-02-EFM

KENNETH W. CADE,

*Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on pro se Defendant Kenneth W. Cade's Motion for Compassionate Release (Doc. 173). He seeks release from prison asserting that he received an unusually long sentence. The Government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

### I. Factual and Procedural Background

On February 27, 2018, an indictment was issued against Defendant and his co-Defendant. Defendant was charged with ten counts, including Hobbs Act robbery; using and carrying a firearm during and relation to a crime of violence—Hobbs Act robbery; and possession of a firearm by a prohibited person. On June 19, 2019, Defendant entered into a conditional plea agreement, in which he pleaded guilty to five of the ten counts in exchange for the right to appeal the Court's

Order denying his motion to suppress.[1] The parties proposed, as an appropriate disposition of the case, a total and combined sentence within the range of 144-170 months imprisonment to be followed by five years of supervised release.

On September 13, 2019, the Presentence Investigation Report was filed. Based on Defendant's total offense level of 27 and his criminal history category of III, Defendant's guideline imprisonment range was 87 months to 108 months. In addition, Defendant's 84-month sentence for Count 7 had to run consecutive to any other term of imprisonment. Thus, Defendant's guideline range was 171 months to 192 months' imprisonment.

On September 20, 2019, Defendant was sentenced to a total term of imprisonment of 144 months. His sentence was broken down as 60 months per Counts 1, 4, 6, and 9, to run concurrently, and 84 months per Count 7, to run consecutively to the 60-month sentence. Defendant is set to be released from Bureau of Prisons' custody on June 18, 2028.

On October 29, 2024, Defendant filed a Motion for Compassionate Release. He states that he received an unusually long sentence and that his sentence should be reduced. The Government opposes Defendant's motion.

## II. Legal Standard

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), allows a defendant to seek early release from prison provided certain conditions are met. First, a motion for compassionate release may only be filed if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (2) 30

[1] On March 16, 2021, the Tenth Circuit Court of Appeals affirmed this Court's Order denying Defendant's motion to suppress.

days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[2] Exhaustion is a mandatory claim-processing rule in the Tenth Circuit.[3]

If a defendant satisfies the exhaustion requirement, district courts use a three-part test when deciding a defendant's motion.[4] This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) "such reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) any reduction is consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[5] If the Court denies the motion because the defendant fails to meet one of the prerequisites, it may do so without addressing all three factors.[6] If, however, the Court grants the motion, the Court must address all steps.[7]

## III. Analysis

Defendant's sole basis for seeking a sentence reduction is that he states he received an unusually long sentence. The Government asserts that Defendant is not an appropriate candidate for a sentence reduction. The Court agrees with the Government and finds that Defendant cannot establish an extraordinary and compelling reason warranting a reduction in sentence.

---

[2] 18 U.S.C. § 3582(c)(1)(A).

[3] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

[4] *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

[5] *McGee*, 992 F.3d at 1042-43 (citations and internal quotation marks omitted).

[6] *Id.* at 1043 (citation omitted); *see also United States v. Hald*, 8 F.4th 932, 942-43 (10th Cir. 2021) (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

[7] *McGee*, 992 F.3d at 1043 (citation omitted).

**A. Exhaustion**

Defendant submitted a compassionate release request to the Warden of his facility on August 21, 2014. The Warden denied his request on October 29, 2024. The Government concedes that Defendant meets the exhaustion requirement. Thus, the Court finds that Defendant has satisfied the exhaustion requirement in § 3582(c) and will proceed to determine the merits of Defendant's motion.[8]

**B. Extraordinary and Compelling Reasons**

Defendant argues that his unusually long sentence is an extraordinary and compelling reason warranting his release from prison. In determining whether a defendant presents an extraordinary and compelling reason warranting a sentence reduction, the Court considers whether the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[9] On November 1, 2023, the Sentencing Commission issued new sentencing guidelines, including a policy statement, which is now included within the text of the guidelines.[10] Some of the circumstances that may be relevant when deciding if a defendant presents an extraordinary and compelling reason for a sentence reduction include: (1) the medical circumstances of the defendant;[11] (2) the age of the defendant and a serious deterioration in health;

[8] Administrative exhaustion is a claim-processing rule, and it can be waived if not asserted by the government. *See Hemmelgarn*, 15 F.4th at 1031.

[9] 18 U.S.C. § 3582(c)(1); *see also McGee*, 992 F.3d at 1042.

[10] *See* U.S.S.G. § 1B1.13.

[11] In Defendant's compassionate release request to the Warden of his facility, Defendant also stated that he suffered from several medical conditions (including mental health issues) that put him at higher risk of COVID-19. Defendant does not make this assertion to this Court nor elaborate on this request or his conditions. Nevertheless, in reviewing Defendant's request to the Warden, his references to his medical conditions were extremely cursory. Thus, to the extent that Defendant contends that his medical conditions and heightened risk for COVID-19 are extraordinary and compelling reasons for a sentence reduction, the Court disagrees.

(3) the family circumstances of the defendant; (4) the defendant was the victim of sexual or physical abuse while incarcerated by or at the direction of an employee of the correctional facility; and (5) any other circumstances or combination of circumstances that are similar in gravity to the first four circumstances.[12] In addition, an unusually long sentence may be a consideration but only if there has been a change in the law; the defendant has served at least ten years of the unusually long sentence; and the change in law would "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."[13]

In this case, Defendant fails to meet any of the circumstances. Although Defendant contends that he received an unusually long sentence, Defendant does not meet the requirements of § 1B1.13(b)(6). First, he has not served at least ten years. Instead, he has served six years and eight months. Next, there has been no change in the law that would produce a gross disparity in sentences. Finally, Defendant's sentence is not unusually long. Defendant's guideline range was 171 months to 192 months imprisonment. Defendant agreed in his Plea Agreement that an appropriate disposition was 144 months to 170 months, and Defendant received the low end of that range—a 144-month sentence. Accordingly, Defendant cannot demonstrate an extraordinary or compelling reason for a sentence reduction.

[12] *Id*. § (b)(1)-(5).

[13] *Id*. § (b)(6).

**IT IS THEREFORE ORDERED** that Defendant Kenneth W. Cade's Motion for Compassionate Release (Doc. 173) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 9th day of December, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE