IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 18-10026-02-EFM

KENNETH W. CADE,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Kenneth W. Cade's Motion for Emergency Reconsideration on Compassionate Release (Doc. 178). He seeks reconsideration of the Court's previous order denying his request for compassionate release. The Government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

**I.    Factual and Procedural Background**

On October 29, 2024, Defendant filed a Motion for Compassionate Release. In this motion, he asserted that his sentence should be reduced because he received an unusually long sentence. The Government conceded exhaustion, but it opposed Defendant's motion and argued that Defendant did not meet the criteria in United States Sentencing Guideline ("U.S.S.G.") § 1B1.13(b)(6). The Court denied Defendant's request on December 9, 2024, finding that

Defendant did not meet the requirements of § 1B1.13(b)(6). Defendant now seeks reconsideration of that denial order.[1]

## II.    Legal Standard

Although the Federal Rules of Criminal Procedure do not specifically provide for motions to reconsider, the Tenth Circuit allows them.[2] The standards governing them are the same standards that govern civil motions for reconsideration.[3] The Court can alter its judgment "when the court has misapprehended the facts, a party's position, or the law."[4] A motion to reconsider allows the Court to correct clear errors of law or fact or to review newly discovered evidence.[5]

## III.    Analysis

In his Motion to Reconsider, Defendant asserts that he raised additional issues warranting compassionate release that the Government and Court did not address. These include (1) the family circumstances of Defendant's parent, (2) Defendant's mental health status, and (3) COVID-19 grounds.[6] The Government contends that Defendant fails to establish reasons for the Court to consider its decision.

---

[1] Defendant also seeks the appointment of counsel. "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). The District of Kansas, however, has several standing orders that allow for the appointment of counsel in certain cases for indigent defendants who file motions for compassionate release. *See* District of Kansas Standing Orders 19-1 and 20-8 (allowing the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release and giving the FPD 15 days to notify the Court if it intends to enter an appearance on the defendant's behalf). When Defendant's initial motion for compassionate release was filed, the FPD declined representation of Defendant in this matter. Accordingly, the Court denies Defendant's request for counsel.

[2] *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

[3] *See id.*

[4] *Id*. (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[5] *Id.*

[6] Defendant also includes a statement referencing the policy statement in U.S.S.G. § 5H1.1 which provides that "age may be relevant in determining whether a departure is warranted." It appears he raises the new argument

In Defendant's original motion, he stated only that he sought a sentence reduction due to an unusually long sentence. He used a form complaint and only checked the box that there were "other extraordinary and compelling reasons," stating that he had an unusually long sentence. Accordingly, the Court considered Defendant's motion on that basis.

In the Court's Order, however, it noted that it had reviewed Defendant's attachments to his motion. And the Court noted that in Defendant's compassionate release request to the Warden, he also stated that a reason warranting release from prison was because he suffered from several medical conditions (including mental health issues) that put him at higher risk of complications related to contracting COVID-19. It found Defendant's reference to his medical conditions in his compassionate release request to the Warden extremely cursory. The Court then found that although Defendant did not make that assertion to the Court, to the extent that Defendant contended that his medical conditions and heightened risks related to contracting COVID-19 were extraordinary and compelling reasons for a sentence reduction, those reasons were not valid. Thus, the Court, did in fact address Defendant's mental health status and COVID-19 concerns in its earlier Order even though Defendant did not specifically raise those issues to the Court.[7] Accordingly, Defendant fails to raise any valid basis for reconsideration of the Court's previous Order.

---

that his sentence should be reduced because he was youthful at the time of his prior offenses. This argument was not previously raised and is meritless.

[7] The Court notes that Defendant also included an attachment to his original motion stating that his mother was diagnosed with several medical conditions, including congestive heart failure and liver failure. He did not reference his mother's medical conditions in his compassionate release request to the Warden. And he failed to state anything further to the Court about his mother's medical conditions or state that no other caregivers were available for her. Thus, there was no basis for the Court to consider this statement as a request for compassionate release.

**IT IS THEREFORE ORDERED** that Defendant Kenneth W. Cade's Motion for Emergency Reconsideration on Compassionate Release (Doc. 178) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 9th day of January, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE